IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | 3:01cr0005 |
| v. | ) | 3:16cv142 |
| | ) | **Electronic Mail** |
| **VICTOR DARNELL THOMAS** | ) | |

## MEMORANDUM ORDER

AND NOW, this 23rd day of September, 2019, upon due consideration of defendant's Motion to Correct Sentence under 28 U.S.C. § 2255 and the development of the record in conjunction therewith, IT IS ORDERED that the [229] the motion be, and the same hereby is, denied.

The procedural history of this case as it relates to defendant's motion accurately is recounted in defendant's motion to vacate. Defendant was sentenced as a career offender under the United States Sentencing Guidelines at a time when the Guidelines were binding and had the force of law. His designation as a career offender assertedly was based in part on the residual clause in U.S.S.G. § 4B1.2's definition of a "crime of violence." On September 10, 2002, defendant was sentenced to 210 months at each of counts one and two, to run concurrently.

Defendant's § 2255 motion was filed on June 20, 2016. He seeks relief on the ground that the residual clause of § 4B1.2 is unconstitutionally vague under Johnson v. United States, 135 S. Ct. 2551 (2015), and therefore his sentence can no longer be valid. The Supreme Court subsequently held that Johnson announced a new substantive rule which is to be given retroactive effect in cases on collateral review. Welch v. United States, 136 S. Ct. 1257 (2016).

As a result, cases filed within one year of Johnson were deemed to be timely filed in accordance with 28 U.S.C. § 2255(f)(3).[1]

Notwithstanding the Supreme Court's holdings in Johnson and Welsh, defendant is not entitled to relief and his sentence remains valid. Johnson held that an identical residual clause defining a "violent felony" under the Armed Career Criminal Act ("ACCA") was void for vagueness and violated the Due Process Clause. Defendant's constitutional challenge arises under the mandatory Guidelines.

The United States Sentencing Guidelines were mandatory and treated as binding until the Supreme Court held in United States v. Booker, 543 U.S. 220 (2005), that such an approach could not stand consistent with the Sixth Amendment to the United States Constitution. As a remedy the Court held that the Guidelines were to be treated as advisory. Id.

A challenge to the residual clause in the Guidelines made its way to the Supreme Court in Beckles v. United States, 137 S. Ct. 886 (2017). There, the defendant had been sentenced as career offender under the advisory Guidelines. Id. at 890. The Court directly held that "[b]ecause they merely guide the district courts' discretion, the Guidelines are not amenable to a

---

[1] A motion filed under 28 U.S.C. § 2255 is subject to a one-year limitations period that runs from:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

2

vagueness challenge." Id. at 894. Consequently, "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and [] § 4B1.2(a)'s residual clause is not void for vagueness." Id. at 895. The Court limited its holding to the advisory Guidelines and by implication left open and did not decide whether the right recognized in Johnson applies to the sentences handed down under the mandatory Guidelines. Id. at 890, 903 n.4 (Thomas, J.; Sotomayor, J. concurring).

In United States v. Green, the United States Court of Appeals for the Third Circuit considered whether a § 2255 motion filed within one year of the Court's decision in Johnson presented a timely filed motion pursuant to 28 U.S.C. § 2255(f)(3). 898 F.3d 315 (3d Cir. 2018). There, the defendant had been sentenced as a career offender under the then-mandatory Guidelines. His status as a career offender was based in part on the residual clause in § 4B1.2's definition of a crime of violence. Id. at 316-17. He contended that because the residual clauses in the ACCA and the mandatory Guidelines were identical, applying Johnson's holding to the mandatory Guidelines was nothing more than a natural extension of the principles leading to the invalidation of the clause under the ACCA. Id. at 320. And from his perspective the Supreme Court already had recognized the application of those principles to the mandatory Guidelines by limiting its holding in Beckles to the advisory Guidelines. Id. at 320-21.

In Green, the government countered "that if [the] question has been expressly left open by the Supreme Court [in Beckles], by definition it has not been 'recognized by the Supreme Court.'" Id. at 321. And because the right has not been recognized, the government maintained that the one-year limitations period for a § 2255 motion seeking to challenge the residual clause used during the mandatory Guidelines regime had not been restarted by Johnson. Id.

After considering the import of both Johnson and Beckles, the court in Green opined:

Johnson's holding as to the residual clause in the ACCA created a right only as to the ACCA, and not a broader right that applied to all similarly worded residual clauses, such

3

as that found in the advisory Sentencing Guidelines. The Supreme Court in Johnson recognized a right to not be sentenced under a statute that "fixed—in an impermissibly vague way—a higher range of sentences for certain defendants." Beckles, 137 S. Ct. at 892. It [said] nothing about a parallel right to not be sentenced under Sentencing Guidelines, whether advisory or mandatory.

Green, 898 F.3d at 831. And because the Supreme Court has not recognized the right to challenge the residual clause in the Guideline's definition of a crime of violence for vagueness, Green could not rely on 28 U.S.C. § 2255(f)(3) to restart his applicable statute of limitations period. In other words, "Green's motion [was] untimely in light of the plain language of 28 U.S.C. § 2255(f)(3) and the Supreme Court's indication in Beckles that it remains an open question whether the mandatory Sentencing Guidelines can be subject to vagueness challenges." Id. at 322-23.

The holding in Green is binding on this court.[2] As a result, defendant/movant's pending § 2255 motion must be denied as untimely filed. Defendant was sentenced on September 10, 2002. The one-year limitations period to file a § 2255 motion expired long ago. Johnson did not restart that limitations period. Consequently, defendant's motion properly has been denied because it was filed in an untimely manner.

                                                       s/David Stewart Cercone
                                                       David Stewart Cercone
                                                       Senior United States District Judge

cc:    Adam N. Hallowell, AUSA
       R. Damien Schorr, Esquire

       (*Via CM/ECF Electronic Mail*)

---

[2] The Third Circuit has denied rehearing and rehearing *en banc* in Green. The Supreme Court has declined to hearing the case pursuant to a petition for writ of certiorari.